IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Matthew Jones,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>South Carolina State Police and Myrtle Beach Police,<br><br>　　　　　　Defendants. | C/A No.: 4:23-cv-6265-SAL<br><br><br>**ORDER** |

Plaintiff Matthew Jones, a *pro se* litigant, filed this action against the named defendants. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending dismissal of the case without prejudice and without issuance and service of process. [ECF No. 15.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 7. Plaintiff filed objections. [ECF No. 18.] For the reasons that follow, the court overrules Plaintiff's objections and adopts the Report.

## BACKGROUND

Initially, Plaintiff filed this claim against the South Carolina State Police and the Myrtle Beach Police under 42 U.S.C. § 1983, alleging that he was the victim of sexual slavery, rape, torture, pedophilia and other felonious acts beginning in June 2000 as he traveled across the United States. [ECF No. 1 at 2–5.] The Report summarizes the general substance of Plaintiff's claims:

> Plaintiff states these acts were committed by at least twenty local and state police departments who continuously sexually assaulted and tortured him as he traveled around the United States with his aunt who planned and scheduled this sexual slavery during a road trip that started in Delaware. [ECF No. 1 at 2–5.] Plaintiff

1

> alleges on one of the stops he was anally and orally raped, beaten, flogged, and tortured by the South Carolina State Police Troop 5 and the Myrtle Beach Police Department. *Id.* at 3. He contends he suffered blood loss, deaths, and other injuries, and he was resurrected from death each time by taking medicine made from a 250-year-old tree and other plants. *Id.* at 4–5. Plaintiff does not identify the individuals involved in the alleged assaults nor the date these assaults occurred.

[ECF No. 15 at 1–2.] As further noted in the Report, a search on PACER reveals Plaintiff filed numerous civil actions in federal courts across the country alleging very similar, if not identical, facts to the Complaint filed in this case. *Id.* at 2. These other federal complaints were summarily dismissed. *Id.*

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific

2

objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

As an initial matter, the court finds the Report provides the relevant law and properly applies the law to Plaintiff's claims. With respect to the claims against the Myrtle Beach Police and the South Carolina State Police, the magistrate judge explains that Plaintiff's claims are subject to summary dismissal because Plaintiff fails to allege sufficient factual allegations. [ECF No. 15 at 3–5.] Namely, the Myrtle Beach Police department is not a "person" for purposes of a claim under 42 U.S.C. § 1983, and the South Carolina State Police (named defendant) is not an existing entity. *Id.* at 3–4. But, even assuming Plaintiff intended to sue the South Carolina Highway Patrol ("SCHP"), SCHP is entitled to Eleventh Amendment immunity. *Id.* at 4–5. In addition to these deficiencies, the magistrate judge recommends summary dismissal of the Complaint because it is frivolous. The court adopts the Report in full and incorporates it by reference here.

Plaintiff makes no specific objections to the Report other than reiterating his factual claims and allegations as similarly laid out in his initial Complaint. [ECF No. 18 at 4–10.] Plaintiff claims his rights were violated by Defendants under 42 U.S.C. § 1983, but, ultimately, he fails to remedy the deficiencies in his Complaint as enumerated by the magistrate judge. *See* ECF No. 18 at 4–10.

3

Plaintiff's objections consist largely of additional frivolous claims, most of which appear wholly unrelated to the substance of his Complaint. *See id.* at 1–6. He also lists twenty lawsuits he has filed against police departments in other states. *Id.* at 6–9. None of these have any bearing on this court's analysis and the reasons this case must be summarily dismissed.

In response to the Report's finding that SCHP receives sovereign immunity under the Eleventh Amendment, Plaintiff offers only "[i]n response to anyone having immunity, sovereign or other, I remind you of the Declaration of Independence." [ECF No. 18 at 2.] Both Plaintiff's Complaint and Objections are factually frivolous and based on allegations that are "delusional, irrational, and wholly beyond belief . . . ." [ECF No. 15 at 5.] Because the named Defendants are not subject to suit and because Plaintiff's claims are otherwise frivolous, the court agrees with the Report's conclusion. Plaintiff's objections are overruled, and his Complaint is subject to summary dismissal.

The court has thoroughly reviewed the record including Plaintiff's Complaint, ECF No. 1; the magistrate judge's Report, ECF No. 15; Plaintiff's Objections, ECF No. 18; and the applicable law. For the reasons stated above, the court adopts the Report, ECF No. 15, and incorporates it by reference herein. As a result, this matter is **SUMMARILY DISMISSED without prejudice and without issuance of service of process.**

    **IT IS SO ORDERED.**

September 5, 2024                                              Sherri A. Lydon
Columbia, South Carolina                       United States District Judge